J-S38020-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALAN RICHARD WEIST, | |
| Appellant | No. 2954 EDA 2015 |

Appeal from the Order Entered September 1, 2015
In the Court of Common Pleas of Pike County
Criminal Division at No(s): CP-52-0000240-2009

BEFORE:  FORD ELLIOTT, P.J.E., OLSON AND JENKINS, JJ.

JUDGMENT ORDER BY OLSON, J.:                    **FILED JUNE 14, 2016**

Appellant, Alan Richard Weist, appeals *pro se* from the order entered on September 1, 2015, which dismissed his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On January 7, 2011, Appellant pleaded guilty to two counts of rape of a child.[1]  On March 31, 2011, the trial court sentenced Appellant to serve an aggregate term of 14 to 40 years in prison for his convictions.  Appellant then failed to perfect a direct appeal from his judgment of sentence.  **See Commonwealth v. Weist**, 81 A.3d 996 (Pa. Super. 2013) (unpublished memorandum) at 1-2.

_____

[1] 18 Pa.C.S.A. § 3121(c).

On December 14, 2011, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel to represent Appellant, but appointed counsel petitioned for and was permitted to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court dismissed Appellant's first PCRA petition and, on May 15, 2013, this Court affirmed the PCRA court's order. **Commonwealth v. Weist**, 81 A.3d 996 (Pa. Super. 2013) (unpublished memorandum) at 1-4. Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

On June 1, 2015, Appellant filed a *pro se* petition titled "Petition for Discovery," which the PCRA court treated as a second petition filed under the PCRA. PCRA Court Opinion, 12/23/15, at 1-2. The PCRA court denied Appellant's petition by order entered September 1, 2015 and Appellant filed a timely notice of appeal to this Court.

After Appellant filed his notice of appeal, the PCRA court ordered Appellant to file and serve a concise statement of errors complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). PCRA Court Order, 10/15/15, at 1. Further, the trial court ordered that Appellant must file and serve his Rule 1925(b) statement within 21 days from the date the order was entered. **Id.** Appellant did not file a Rule 1925(b) statement and, thus, Appellant failed to comply with the trial court's order. As such, Appellant's claims on appeal are necessarily waived. Pa.R.A.P. 1925(b)(4)(vii) ("[i]ssues not included in the [Rule 1925(b)]

Statement and/or not raised in accordance with the provisions of [Rule 1925(b)(4)] are waived"); ***Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 223 and 227 (Pa. Super. 2014) (*en banc*) (holding that an appellant waives all claims on appeal where the appellant "fail[s] to comply timely with the trial court's order directing it to file a concise statement of errors pursuant to [Rule 1925(b)]"); ***see also*** PCRA Court Opinion, 12/23/15, at 2 ("[a]s of December 18, 2015, [] Appellant still has yet to file a concise statement of matters complained of on appeal") (some internal capitalization omitted).

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/14/2016